Smith, P. J.
We think the judgment of the justice may properly be sustained upon the ground of an over-payment by mutual mistake. The complaint alleged, in substance, that the plaintiff’s assignor purchased a bond and mortgage of the defendant against one Henry, on which it was supposed and alleged there was due the sum of $888.37, which sum the assignor paid the defendant therefor, whereas the *389 amount then due on the bond and mortgage was in fact fifty-eight dollars, or thereabouts, less than was so supposed and paid. Within the liberal rules applicable to pleadings under our present system, and especially to pleadings in justice’s courts, the complaint stated enough to “ enable a person of common understanding to know ’’ that an over payment by mutual mistake was intended to be alleged. The proofs sustained that allegation. It was shown that the witness, Scovell, who drew the assignment from the defendant to Sally Ayer, the plaintiff’s assignor, and witnessed its execution and took the acknowledgment of it, made a mistake in computing the amount due on the bond and mortgage, and thus made the amount too much, by omitting a certain payment that had been made on the bond and mortgage prior to such assignment, and that the amount figured by him, including such excess, was paid to the defendant. The proof justifies the inference that all the parties to the transaction acted in ignorance of the mistake.
The suggestion of the appellant’s counsel that the excess was paid as a bonus for the transfer of the bond and mortgage, finds no warrant in the proofs, nor is it set out in the answer. Indeed, the answer does nothing more than to put in issue the selling of the mortgage for the amount stated in the complaint. It is, therefore, inconsistent with the idea that a bonus was paid, and it impliedly admits the allegation that the sum paid was the sum “supposed and alleged” to be due. The plaintiff, therefore, on proving that the sum paid was in excess of the amount due, was entitled to recover. The claim for the over payment was assignable. It does not appear that any objectionable evidence was received at the trial. It follows that the judgment appealed from should be affirmed.
Barker, Haight and Bradley, JJ., concur.
Affirmed.